**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**KAMAL KARNA ROY,**

                **Plaintiff,**              **No. 08-cv-455
                                                      (GLS-DRH)**

        **v.**

**USA,**

                **Defendant.**
_____

**APPEARANCES:**

KAMAL KARNA ROY
*Pro Se*
Post Office Box 1173
14 Kiwassa Road
Apartment 5G
Saranac Lake, New York 12983-7173

**Gary L. Sharpe
U.S. District Judge**

## DECISION AND ORDER

The above-captioned matter comes to this court following a Report and Recommendation ("R&R") by Magistrate Judge David R. Homer, filed July 11, 2008. (Dkt. No. 6.)[1] The R&R recommended that pro se

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

defendant Kamal Karna Roy's ("Roy") Amended Complaint be dismissed for failure to comply with the court's order of May 20, 2008 (Dkt. No. 4), directing Roy to file his Amended Complaint in compliance with Federal Rules of Civil Procedure 8 and 10.  Pending is Roy's response to the R&R, which the Court has construed, liberally, as an objection (the "Objection") to the R&R.  (Dkt. No. 7).

As this court has previously observed, before entering final judgment, the court reviews an R&R in cases it has referred to a Magistrate Judge.  *See Anderson v. Banks*, No. 06-cv-0625, 2008 WL 3285917, at *1 (N.D.N.Y. Aug. 7, 2008).  When a party objects to specific elements of the Magistrate Judge's findings and recommendations, the court conducts a de novo review of those findings and recommendations.  *See Id.*  However, in cases, as this one, where a party has filed no objection, or only a vague or general objection, the court reviews the findings and recommendations for clear error.  *See Id.*

Under clear error review, the court finds Judge Homer did not err in determining Roy failed to correct the defects in his pleadings and that it is impossible to discern what claims, if any, Roy asserts in his pleadings. Judge Homer correctly determined that Roy failed to comply with the

court's prior directive to file a complaint that fully complies with Federal Rules of Civil Procedure, thus, his case should be dismissed. See Fed.R.Civ.P. 41(b). The Second Circuit has explained:

> [t]he adequacy of the proposed amended complaint [] is to be judged by the same standards as those governing the adequacy of a filed pleading. Rule 8(a) requires a 'short and plain statement of the claim showing that pleader is entitled to relief,' Fed.R.Civ.P. 8(a)(2), and is designed to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.

See *Ricciuti v. N.Y.C. Transit Authority,* 941 F.2d 119, 123 (2d Cir. 1991); see also *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000). Finding no error in Judge Homer's determination that Roy's case should be dismissed for failure to comply with the Rules of Civil Procedure and a previous court's order, the court approves and adopts the R&R in its entirety.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Roy's objections are overruled, Magistrate Judge Homer's July 11, 2008 Report and Recommendation is adopted in its entirety and Roy's complaint is DISMISSED; and it is further

**ORDERED** that the Clerk enter judgment and provide copies of this Decision and Order to the parties.

**IT IS SO ORDERED.**

Albany, New York
Dated: September 22, 2008

*Gary L. Sharpe*
U.S. District Judge